UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH JEROME ROSS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-8731** |
| **JOSEPH L. WAITZ, JR., ET AL.** | **SECTION: "I"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Joseph Jerome Ross, instituted this lawsuit by filing a largely incomprehensible pleading.[1] The Clerk of Court interpreted that pleading as an attempt to file a federal civil rights action pursuant to 42 U.S.C. § 1983, and, therefore, directed plaintiff to submit a properly completed § 1983 complaint form.[2] Plaintiff thereafter submitted the required form.[3] He then continued to file additional documents on a regular basis, although those documents were likewise largely incomprehensible.[4] However, the various pleadings appear to center on three basic allegations: (1) plaintiff was improperly charged with driving while intoxicated, third offense; (2) after his arrest, his vehicle was towed, and the towing company refuses to return the vehicle to him; and (3) he was denied adequate medical care while incarcerated.

In this lawsuit, plaintiff sued the following defendants: the Terrebonne Parish Jail; the Terrebonne Parish Sheriff's Office; Sheriff Jerry J. Larpenter; Parish President Gordon Dove; District Attorney Joseph L. Waitz, Jr.; and Assistant District Attorneys Dixie C. Brown, Dennis J. Elfert, and Larry Ward.

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 2.
[3] Rec. Doc. 3.
[4] Rec. Docs. 7, 8, 9, 10, 11, 12, 14, and 16.

Due to the rambling nature of plaintiff's *pro se* pleadings, the Court has attempted to understand his allegations and claims by holding a Spears hearing[5] on November 20, 2018, and by obtaining the records concerning his arrest and conviction and his medical care at the jail.[6] Through these efforts, the Court has been able to glean the following information.

The relevant police report shows that, on May 20, 2018, plaintiff was arrested by Houma Police Department Officer Sidney Theriot, Jr., an individual who has not been named as a defendant in this lawsuit. Plaintiff was arrested for, among other charges, driving while intoxicated, third offense. The state court records show that he pleaded guilty to that offense on August 22, 2018. However, in this lawsuit, he claims that he should have been charged with only a second (not third) offense driving while intoxicated.

At the time of plaintiff's arrest, his vehicle was towed from the scene by Jimmy's Wrecker Service. As noted, plaintiff claims that the towing company refuses to return the vehicle to him; however, at the Spears hearing, he clarified that his property would be returned *if* he paid the accumulated charges owed to the towing company. Unfortunately, he does not have sufficient funds to pay those charges at the present time. Neither Jimmy's Towing Company nor any individual or entity affiliated with that business has been named as a defendant in this lawsuit.

Lastly, plaintiff claims that, while he was incarcerated, he was denied adequate medical care for an injured finger, a hernia, and a heart problem. The individuals who allegedly denied plaintiff medical care have not been named as defendants herein.

---

[5] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

[6] Those records, which were also furnished to plaintiff for his use in this proceeding, have been filed into this federal record at Rec. Docs. 24 and 25.

**I.  Screening Standards**

Plaintiff filed this federal civil action *in forma pauperis*.[7]  Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Because plaintiff was incarcerated at the time he filed this lawsuit,[8] he is also subject to the screening provisions of 28 U.S.C. § 1915A.  That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[9]  Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

---

[7] See Rec. Docs. 4 and 5.
[8] See Rec. Doc. 4, Question No. 1.
[9] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).
  Although he has since been released from custody, plaintiff remains subject to § 1915A because he was incarcerated at the time the action was filed. Jackson v. City of New Orleans, Civ. Action No. 09-5836, 2009 WL 4110371, at *1 n.1 (E.D. La. Nov. 24, 2009); Rackley v. Gusman, Civ. Action No. 08-825, 2009 WL 159170, at *1 n.1 (E.D. La. Jan. 16, 2009); Brown v. Jacobson, 98-CIV-0565, 1999 WL 1125122, at *5 (S.D.N.Y. Dec. 8, 1999); Johnson v. Hill, 965 F. Supp. 1487, 1488 n.2 (E.D. Va. 1997).

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

## II. Plaintiff's Claims

In this lawsuit, plaintiff is seeking relief pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

4

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.

Although broadly construing plaintiff's complaint, as amended,[10] and fully considering his Spears hearing testimony, the undersigned recommends that, for the following reasons, his § 1983 claims be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief against a defendant who is immune from such relief.

### A.  Claims Against the Terrebonne Parish Jail and the Terrebonne Parish Sheriff's Office

To the extent that plaintiff has sued the Terrebonne Parish Jail and the Terrebonne Parish Sheriff's Office, those are improper defendants.

As for the jail, "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug.1, 2007); accord Coleman v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 13-4325, 2013 WL 6004051, at *5 (E.D. La. Nov. 13, 2013); Authement v. Terrebonne Parish Sheriff's Office, Civ. Action No. 09-5837, 2009 WL 4782368, at *4 (E.D. La. Dec. 3, 2009); Bland v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 09-4407, 2009 WL 3486449, at *3 (E.D. La. Oct. 23, 2009).

The Sheriff's Office is likewise an improper defendant, because "a sheriff's office is not a legal entity capable of being sued...." Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002); accord Hite v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 16-13828, 2016 WL 6892810, at *3 (E.D. La. Oct. 24, 2016), adopted, 2016 WL

---

[10] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

6876660 (E.D. La. Nov. 22, 2016); <u>Mitchell v. Jefferson Parish Correctional Center</u>, Civ. Action No. 13-4963, 2013 WL 6002770, at *3 (E.D. La. Nov. 12, 2013); <u>Francois v. Jefferson Parish Sheriff's Office</u>, Civ. Action No. 12-1965, 2013 WL 654640, at *6 (E.D. La. Feb. 21, 2013) ("Louisiana law has not afforded any legal status to parish sheriff's departments such that they can be sued.").

Accordingly, plaintiff's claims against the Terrebonne Parish Jail and the Terrebonne Parish Sheriff's Office should be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

### B.  Claims Against Sheriff Jerry J. Larpenter and Parish President Gordon Dove

Plaintiff has also sued Terrebonne Parish Sheriff Jerry J. Larpenter and Terrebonne Parish President Gordon Dove.  When asked at the <u>Spears</u> hearing why he sued these individuals, plaintiff explained that he wanted to get their attention because his complaints had not been resolved.  He stated that neither Larpenter nor Dove had any personal involvement in the events on which this lawsuit is based.  He also noted that he had seen Dove's name on a letter or motion.  These allegations are clearly insufficient to state a claim against Larpenter or Dove in either their official or individual capacities.

If Larpenter and Dove are being sued in their official capacities, it is clear that "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."  <u>Burge v. Parish of St. Tammany</u>, 187 F.3d 452, 466 (5th Cir. 1999).  Accordingly, any official-capacities claims against Larpenter and Dove would in reality be claims against the local governmental body itself.  However, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, *a plaintiff must initially*

6

> *allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted.* To satisfy the cause in fact requirement, *a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.* The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added; citations, quotation marks, and brackets omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 F. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 F. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom. Accordingly, he has failed to state a proper official-capacity claim against Larpenter or Dove.

On the other hand, if Larpenter and Dove are being sued in their individual capacities, "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In the instant case, the complaint includes no allegations whatsoever against either Larpenter or Dove and, further, plaintiff conceded at the Spears hearing that they were not

personally involved in the underlying incidents. Where, as here, a plaintiff merely lists an individual as a defendant but makes no factual allegations against him, no cognizable claim has been stated against that defendant. See, e.g., Hall v. Peck, Civ. Action No. 16-13527, 2017 WL 745729, at *2 (E.D. La. Jan. 12, 2017), adopted, 2017 WL 788354 (E.D. La. Feb. 23, 2017); Reavis v. State of Louisiana, Civ. Action No. 16-1692, 2016 WL 3571440, at *3 (E.D. La. June 8, 2016), adopted, 2016 WL 3524139 (E.D. La. June 28, 2016); White v. Gusman, Civ. Action No. 14-2131, 2014 WL 6065617, at *2 (E.D. La. Nov. 12, 2014). Accordingly, plaintiff has likewise failed to state a proper individual-capacity claim against either Larpenter or Dove.

Out of an abundance of caution, the Court makes two additional observations.

First, although both Larpenter and Dove hold supervisory positions, that fact alone is not a basis for liability under 42 U.S.C. § 1983. See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008).

Second, to the extent that plaintiff is alleging that Larpenter and/or Dove did not respond appropriately to his grievances in this matter, that claim fails because inmates simply do not have a constitutional right to an adequate and effective grievance procedure or to have their complaints investigated and resolved to their satisfaction. Bonneville v. Basse, 536 F. App'x 502, 503 (5th Cir. 2013); Propes v. Mays, 169 F. App'x 183, 184-85 (5th Cir. 2006); Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005).

Because plaintiff has not identified a proper legal basis for holding either Larpenter or Dove liable, the claims against them should be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

### C.  Claims Against District Attorney Joseph L. Waitz, Jr., and Assistant District Attorneys Dixie C. Brown, Dennis J. Elfert, and Larry Ward

Plaintiff has also named District Attorney Joseph L. Waitz, Jr., and Assistant District Attorneys Dixie C. Brown, Dennis J. Elfert, and Larry Ward as defendants in this matter. However, plaintiff's federal civil rights claims against them fare no better.

Clearly, plaintiff likewise has not stated cognizable official-capacity claims against these defendants.  The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities.  Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Burge v. Parish of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999).  As noted above, this requires that a plaintiff allege that his constitutional rights were violated as a result of a policy or custom and identify that policy or custom.  Because plaintiff does not do so here, he has stated no official-capacity claims against these defendants.

Additionally, as to any claims against these defendants in their *individual* capacities for monetary damages, any such claims are barred by their absolute prosecutorial immunity. Prosecutorial immunity protects them against claims based on their "actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994).  "Absolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently."  Rykers v. Alford, 832 F. 2d 895, 897 (5th Cir. 1987) (quotation marks

9

omitted). Because plaintiff's claims against these defendants relate to their actions taken in prosecuting plaintiff's state criminal charge, their absolute prosecutorial immunity protects them against his individual-capacity claims for monetary damages.[11]

Accordingly, plaintiff's claims against Waitz, Brown, Elfert, and Ward should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief against a defendant who is immune from such relief.

### III. Motion for Expungement

Lastly, plaintiff has filed a motion asking that this Court order that his arrest and conviction records be expunged.[12] However, not only is plaintiff's conviction still in effect, "expungement of records is not a type of relief available under [42 U.S.C. § 1983]. The right to expungement of state records is not a federal constitutional right." Rodgers v. Texas, No. 3:03-CV-2015, 2004 WL 764946, at *2 (N.D. Tex. April 7, 2004) (quotation marks omitted), adopted, 2004 WL 884796

---

[11] Even if plaintiff's claims against these defendants did not already fail for the reasons stated herein, they would still be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (footnote omitted). Heck has since been extended also to bar claims for declaratory and injunctive relief. See, e.g., Walton v. Parish of LaSalle, 258 F. App'x 633, 633-34 (5th Cir. 2007); Collins v. Ainsworth, 177 F. App'x 377, 379 (5th Cir. 2005); Shaw v. Harris, 116 F. App'x 499, 500 (5th Cir. 2004). Claims barred by Heck are legally frivolous. See Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996); see also Anderson v. Galveston County District Clerk, 91 F. App'x 925 (5th Cir. 2004); Kingery v. Hale, 73 F. App'x 755 (5th Cir. 2003).

Arguing that he was guilty of only a *second* offense, plaintiff claims in this lawsuit that he was improperly prosecuted on a charge of *third* offense driving while intoxicated. However, the state court records show that plaintiff nevertheless pleaded guilty and stands convicted of that charge. Because a judgment in plaintiff's favor on his claim would necessarily imply the invalidity of that state court conviction, Heck bars the claim.

[12] Rec. Doc. 19.

(N.D. Tex. Apr. 23, 2004). Moreover, even if expungement were otherwise available, lower federal courts may not order the expungement of state convictions or public records absent some "special circumstance." See Cavett v. Ellis, 578 F.2d 567, 568 (5th Cir. 1978); Rogers v. Slaughter, 469 F.2d 1084, 1085 (5th Cir. 1972). Plaintiff has alleged no special circumstance that would warrant a federal court ordering the expungement of his state record, especially in light of the fact that his conviction has not been invalidated. Accordingly, plaintiff's motion should be denied.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief against a defendant who is immune from such relief.

It is **FURTHER RECOMMENDED** that plaintiff's motion for expungement, Rec. Doc. 19, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighth day of January, 2019.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**